UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

**KENNETH FOSDICK,**
an Individual,

    Plaintiff,

v.

**MEKA INTEGRATED LOGISTICS, LLC**
A Florida Limited Liability Company, and
**FLORIDA CHEMICAL SUPPLY, INC.,**
a Florida Profit Corporation.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **KENNETH FOSDICK**, ("Plaintiff") files this Complaint against Defendants, **MEKA INTEGRATED LOGISTICS, LLC** ("MIL") and **FLORIDA CHEMICAL SUPPLY, INC.** ("FCS") (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendants back pay, other monetary damages,

equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## PARTIES AND JOINT EMPLOYER ALLEGATIONS

2. Plaintiff is an adult individual who resides in Polk County, FL, and worked for Defendants in Hillsborough County, FL.

3. Defendant MIL is a Florida Limited Liability Company that operates and conducts business in, among others, Hillsborough County, Florida, and is thus within this court's jurisdiction.

4. Defendant FCS is a Florida Profit Corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is thus within this court's jurisdiction.

5. At all times material hereto, Defendants shared a common owner, common office/facility space, overlapping officers and directors, common managerial and office staff, jointly coordinated scheduling, and jointly controlled operations.

6. At all times material hereto, Defendants had an arrangement to jointly share Plaintiff's services, and jointly exercise authority and control over Plaintiff's scheduling, payroll, and general working conditions, which often included an arrangement to have Plaintiff simultaneously complete tasks for both Defendants.

7. Defendant MIL is a branch company and a subordinate of Defendant FCS for the purposes of transportation costs, but Defendants operations are so closely intertwined that they should be deemed joint employers.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

9. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

10. At all times relevant hereto, Plaintiff was an employee of Defendants.

11. Plaintiff worked for Defendants in Hillsborough County, Florida, and this venue is therefore proper.

12. Defendant MIL is a Florida Limited Liability Company that is located and does business in Hillsborough County, Florida, and is therefore within the jurisdiction of the Court.

13. Defendant FCS is a Florida Profit Corporation that is located and does business in Hillsborough County, Florida, and is therefore within the jurisdiction of the Court.

14. At all times material, Plaintiff was protected during his employment with Defendants by the FCRA and ADA because Plaintiff was a disabled or

"perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant.

15. At all times material, Plaintiff was protected during his employment with Defendants by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability" and his request for reasonable accommodation.

16. Defendants were at all times "employers" as envisioned by the ADA and FCRA as they jointly employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

17. On or around February 22, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendants.

18. More than 180 days have passed since the filing of the Charge of Discrimination.

19. On or around September 10, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

20. Plaintiff timely files this action within the applicable period of limitations against Defendants.

21. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

22. Plaintiff was initially hired by FCS as a Truck Driver on June 21, 2021.

23. At some point during Plaintiff's tenure, FCS created Defendant MIL to operate as its logistics and transportation division, and transferred Plaintiff to MIL while retaining control over Plaintiff's employment.

24. During his time with Defendants, Plaintiff was obviously an excellent and reliable employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

25. On June 16, 2023, Plaintiff attempted to obtain recertification of his Department of Transportation ("DOT") medical certification, which had lapsed.

26. Unfortunately, due to Plaintiff's disability, namely diabetes, he was unable to obtain his recertification due to his A1C levels being above the DOT's limit.

27. Plaintiff immediately informed his Supervisor, Julie Cotty ("Ms. Cotty") about his disability and delayed recertification, notified Ms. Cotty that his next blood draw was to take place on July 25, 2023, and results would be received on August 2, 2023.

28. Plaintiff requested the reasonable accommodation of being permitted to perform light duty and treat his disability so that he can get his A1C into acceptable range to renew his DOT medical certification.

29. Between June 19, 2023 and August 1, 2023, Plaintiff worked a reduced schedule of three (3) days , Plaintiff performed tasks such as fixing toilets, replacing exhaust fans, painting around the production facility, keeping compressors and pumps operational, and straightening the workshop area, under the direction of supervisors Michael Garcia ("Mr. Garcia") and Chad Desilva ("Mr. Desilva").

30. During this time, in order to avoid a disqualification, Plaintiff temporarily surrendered his Commercial Driver's License (CDL) on July 6, 2023.

31. On July 31, 2023, Plaintiff received the welcome news that his hemoglobin A1C levels had fallen within acceptable range for renewal of his DOT medical certification.

32. Plaintiff immediately informed Ms. Cotty, Mr. Garcia, and Mr. Desilva that he would be able to get his DOT Medical Certification on August 2, 2023, and could re-obtain his CDL on August 10, 2023.

33. Plaintiff again requested the reasonable accommodation of a few more days of non-commercial driving duty until he was able to finalize his medical recertification and reobtain his CDL.

34. The very next day, however, on August 1, 2023, Mr. Garcia and Mr. Desilva notified Plaintiff that his employment was being terminated, effective immediately.

35. Plaintiff was handed a termination letter, with a spurious write up allegedly notifying Plaintiff on June 19 that he needed to have his CDL reinstated within 30 days otherwise he may be terminated.

36. However, Plaintiff did not receive this write up until August 1, 2023, the date of his termination, merely 1 day before he was to receive his medical recertification and 9 days before he had an opportunity to reinstate his CDL license.

37. It is clear that Defendants discriminated against Plaintiff based on disability and retaliated against Plaintiff due to his reasonable accommodation request.

38. It is clear that Plaintiff's disability and request for accommodation/leave were seen as problematic to Defendants' managers.

39. Any other reason theorized by Defendants is mere pretext.

40. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job.

41. In reality, Defendants' termination of Plaintiff stemmed from its discriminatory animus toward his disability and his need for accommodation under the ADA/FCRA.

42. By reason of the foregoing, Defendants' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

43. The timing of Plaintiff's termination makes the causal connection between his disability disclosure/request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

44. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

45. Defendants were aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

46. Plaintiff was treated disparately by Defendants on the basis of his disability.

47. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

48. Defendants' actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

49. Defendant did not have a good faith basis for its actions.

50. Defendants did not have a legitimate, non-retaliatory reason, for its actions.

51. As a result of Defendants' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

52. Defendants lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

53. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA**
**DISPARATE TREATMENT DISCRIMINATION**

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 10 through 13, 15 through 25, 27 through 31, 33 through 38, 40 through 41, 43, 45 through 46, and 48 through 53, above.

55. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

56. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

57. Plaintiff was treated disparately from other employees on the basis of his disability.

9

58. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. Plaintiff has suffered damages as a result of Defendants' illegal conduct toward him.

60. The conduct of Defendants was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendants, to deter them, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT II: DISABILITY DISCRIMINATION UNDER THE FCRA DISPARATE TREATMENT DISCRIMINATION

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 though 7, 9 through 13, 15 through 25, 27 through 31, 33 through 38, 40 through 41, 43, 45 through 46, and 48 through 53, above.

63. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

64. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

65. The conduct of Defendants and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66. The conduct of Defendants was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendants, to deter it, and others, from such conduct in the future.

67. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

68. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT III: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO ACCOMMODATE DISCRIMINATION

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 10 through 13, 15 through 41, 43 through 46, and 48 through 53, above.

70. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

71. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

72. Defendants were aware that the ADA requires Defendants to engage in the interactive process with its employee to determine if reasonable accommodations can be made for Plaintiff to perform the essential functions of his job.

73. Defendants failed to engage in this interactive process, and failed to accommodate Plaintiff.

74. The conduct of Defendants and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. Plaintiff has suffered damages as a result of Defendants' illegal conduct toward him.

76. The conduct of Defendants was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

78. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE DISCRIMINATION

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 9 through 13, 15 through 41, 43 through 46, and 48 through 53, above.

80. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

81. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

82. Defendants were aware that the ADA requires Defendants to engage in the interactive process with its employee to determine if reasonable accommodations can be made for Plaintiff to perform the essential functions of his job.

83. Defendants failed to engage in this interactive process, and failed to accommodate Plaintiff.

84. The conduct of Defendants and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. Plaintiff has suffered damages as a result of Defendants' illegal conduct toward him.

86. The conduct of Defendants was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

88. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT V: RETALIATION UNDER THE ADA BASED ON DISABILITY**

89. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 10 through 12, 14 through 40, and 43 through 53 above.

90. Plaintiff was terminated within close temporal proximity of his request for reasonable accommodations.

91. Plaintiff's request for reasonable accommodation, constituted protected activity under the ADA.

92. Plaintiff was terminated as a direct result of his request for reasonable accommodation.

93. Plaintiff's protected activity, and his termination, are causally related.

94. Defendants' stated reasons for Plaintiff's termination are a pretext.

95. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendants, to deter them and others from such conduct in the future.

97. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

98. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY**

99. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 9 through 12, 14 through 40, and 43 through 53, above.

100. Plaintiff was terminated within close temporal proximity to his request for reasonable accommodation.

101. Plaintiff's request for reasonable accommodation constituted protected activity under the FCRA.

102. Plaintiff was terminated as a direct result of his request for reasonable accommodation.

103. Plaintiff's protected activity, and his termination, are causally related.

104. Defendants' stated reasons for Plaintiff's termination are a pretext.

105. The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

106. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of

punitive damages against Defendants, to deter it and others from such conduct in the future.

107. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

108. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendants for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

*(Remainder of page left intentionally blank)*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 8th day of December, 2025.

Respectfully Submitted,

***/s/ Tanner M. Borges***
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*